## LLOYD DAGLEY V. THE STATE.

No. 22903. Delivered June 14, 1944.
Rehearing Denied October 18, 1944.

The opinion states the case.

*Hawkins & Myers,* of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of an automobile over the value of $50.00. The punishment assessed is confinement in the state penitentiary for a term of five years.

There are no bills of exception in the record complaining of the admission or exclusion of any evidence, nor any objections to the court's charge.

The only question presented for review is the sufficiency of the evidence to sustain the conviction. The State's evidence, briefly stated, shows that at 11:00 or 11:30 P. M. on the 28th day of November, 1943, J. B. Martin parked his automobile on Louisiana Street in the City of Houston, Harris County, Texas. The next morning he discovered that it was gone. He did not give the appellant or anyone else his consent to take it. On the night in question, two city policemen noticed the car in question

being driven on Fannin Street. They observed that it did not have any rear license plate. The officers followed the car around the block and overtook it. They inquired of the appellant ( who was driving it) where the keys to the car were, to which he replied that he had lost them and therefore wired around the switch so as to operate it. He told the officers that he had purchased the automobile about two or three weeks prior thereto from the Cox Motor Company.

On his trial appellant testified that a soldier boy, whom he did not know and had never seen before the night in question, loaned him the car to take a drunk woman home, but she declined to go with him. He admitted that he had been to the penitentiary twice before.

It is our opinion that the evidence is ample upon which the jury could base their conclusion of his guilt.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the facts are insufficient to support the conviction, and that we erred in reaching a contrary conclusion.

To accept appellant's version would do violence to the rule that the unexplained possession of recently stolen property is a sufficient circumstance upon which a jury may conclude that such possessor was guilty of theft of the property. 25 Texas Digest, Larceny, Sec. 64, page 637.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.